

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Highlands Insurance Company, in Receivership,<br><br>　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>Vincent J. Smith,<br><br>　　　　　　　　　　Defendant. | CIVIL ACTION NO.<br><br>05CV2467<br><br>FILED MAY 25 2005 |

## COMPLAINT

Plaintiff Highlands Insurance Company, in Receivership ("Highlands"), by way of Complaint against defendant Vincent J. Smith ("Smith"), alleges as follows:

### THE PARTIES

1.　Highlands is an insurance company in receivership that is incorporated under the laws of the State of Texas with its principal place of business at 275 Phillips Boulevard, Ewing, New Jersey.

2.　Smith is an adult individual residing at 176 Maple Grove Road, Mohnton, Berks County, Pennsylvania 19540. From January 1997 until May 21, 2004, Smith served as President, Chief Executive Officer and sole director of Capital Bonding Corporation ("CBC"), a Pennsylvania corporation formerly engaged in the business of writing bail bonds and Immigration and Naturalization Services ("INS") surety bonds.

### JURISDICTION AND VENUE

3.　This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because Highlands is a citizen of Texas and Smith is a

1

citizen of Pennsylvania, and the amount in controversy exceeds the sum of $75,000, exclusive of costs and interests.

4. 28 U.S.C. § 2201 *et seq.* authorizes this Court to enter an order declaring the rights and obligations of the parties with respect to the contracts that are the subject of this action.

5. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391 because Smith resides in the Eastern District of Pennsylvania and because the parties have agreed that the venue of any suit or action between the parties shall take place in and be governed by the laws of the Commonwealth of Pennsylvania.

## GENERAL ALLEGATIONS

6. On or about December 15, 1999, Highlands Insurance Group, Inc. ("Highlands Group") entered into a Program Administrator Agreement with CBC effective January 1, 2000 (hereinafter "Federal PAA").

7. Under Section 1 of the Federal PAA, Highlands Group appointed CBC as Highlands Group's general agent, subject to the terms and conditions of the agreement, for purposes of: (a) soliciting applications for federal criminal court bail bonds and INS surety bonds (collectively, "Federal Bonds"); (b) receiving, evaluating, rejecting and accepting requests for Federal Bonds; (c) underwriting, binding and issuing Federal Bonds in accordance with specified underwriting guidelines; and (d) charging and collecting payments for Federal Bonds in accordance with the terms and conditions of the bonds and the Federal PAA.

8. In connection with the Federal PAA, Smith signed a Personal Guarantee that was attached to the agreement as Addendum B. The Personal Guarantee provides in part:

> [T]he undersigned hereby and at all times guarantees to [Highlands Group] the payment of all premiums and/or charges, due or to become due, upon all business written and losses incurred under the Program Administrator Agreement . . . .
>
> \* \* \* \*
>
> This guarantee shall be in addition to and without prejudice to any other security . . . in respect to the obligations intended to be hereby secured. In case any suit or action is begun by [Highlands Group] to recover any premiums and/or charges hereby guaranteed, the undersigned promises to pay a reasonable sum of attorneys' fees in such suit or action if [Highlands Group] prevails in such action . . . .
>
> \* \* \* \*
>
> This guarantee is understood to be a continuing guarantee to [Highlands Group] and shall irrevocably apply to all business written and losses incurred under the Program Administrator Agreement, heretofore or hereafter placed by the undersigned through [Highlands Group]. . . .

9. On or about September 28, 2000, Highlands Group entered into a second Program Administrator Agreement with CBC effective September 28, 2000 (hereinafter, "State PAA").

10. Under Section 1 of the State PAA, Highlands Group appointed CBC as Highlands Group's general agent, subject to the terms and conditions of the agreement, for purposes of: (a) soliciting applications for state criminal court bail bonds ("State Bonds"); (b) receiving, evaluating, rejecting and accepting requests for State Bonds; (c) underwriting, binding and issuing State Bonds in accordance with specified

underwriting guidelines; and (d) charging and collecting payments for State Bonds in accordance with the terms and conditions of the bonds and the State PAA.

11. In connection with the State PAA, Smith signed a Personal Guarantee that was attached to the agreement as Addendum B. The Personal Guarantee attached to the State PAA is identical or nearly identical to the Personal Guarantee attached to the Federal PAA.

12. On or about March 19, 2003, the United States Bankruptcy Court for the District of Delaware entered an order confirming Highlands Group's Joint Plan on Reorganization, wherein the Federal PAA and State PAA (collectively "Agreements") were assumed and assigned to Highlands Insurance Company and Northwestern National Casualty Company pursuant to section 365 of the United States Bankruptcy Code.

13. Accordingly, to the extent Highlands incurs losses and/or is owed premiums with respect to business written under the Agreements, Smith is obligated to pay all such amounts to Highlands pursuant to the terms of the Personal Guarantees attached to the Agreements.

14. Additionally, Smith is obligated to pay a reasonable sum of attorney's fees incurred by Highlands in any action begun by Highlands to recover premiums and/or charges guaranteed by Smith provided that Highlands prevails in any such action.

## **FIRST COUNT**

### (Declaratory Judgment)

15. Highlands repeats and realleges each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

16. Upon information and belief, Smith disputes the nature and extent of his obligation to pay to Highlands all premiums and/or charges, due or to become due, upon all business written and losses incurred under the Agreements.

17. Upon information and belief, Smith also disputes the nature and extent of his obligation to pay Highlands' attorneys' fees in any action begun by Highlands to recover premiums and/or charges guaranteed by Smith.

18. An actual case or controversy exists between Highlands and Smith regarding their respective rights and obligations under the Personal Guarantees attached to the Agreements, including but not limited to Smith's obligation to pay to Highlands all premiums and/or charges, due or to become due, upon all business written and losses incurred under the Agreements and Smith's obligation to pay a reasonable sum of Highlands' attorneys' fees in any action begun by Highlands to recover premiums and/or charges guaranteed by Smith.

19. A declaration is necessary and proper at this time to resolve the parties' dispute and to enable the parties to assess their respective positions and responses in connection with pending and/or future demands for payment submitted by Highlands to Smith pursuant to the Personal Guarantees attached to the Agreements.

## SECOND COUNT

### (Indemnification)

20. Highlands repeats and realleges each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

21. Under the terms of the Personal Guarantees attached to the Agreements, Smith is obligated to indemnify Highlands for all premiums and/or charges, due or to become due, upon all business written and losses incurred under the Agreements.

22. Highlands is thus entitled to indemnification from Smith for all premiums and/or charges, due or to become due, upon all business written and losses incurred under the Agreements.

23. Under the terms of the Personal Guarantees attached to the Agreements, Smith is also obligated to indemnify Highlands for a reasonable sum of attorney's fees incurred by Highlands in any action begun by Highlands to recover premiums and/or charges guaranteed by Smith provided that Highlands prevails in any such action.

24. Highlands is thus entitled to indemnification from Smith for a reasonable sum of attorney's fees incurred by Highlands in any action begun by Highlands to recover premiums and/or charges guaranteed by Smith provided that Highlands prevails in any such action.

**WHEREFORE,** Highlands respectfully requests judgment against Smith:

A. Declaring that Smith is obligated to pay to Highlands all premiums and/or charges, due or to become due, upon all business written and losses incurred under the Agreements.

B. Declaring that Smith is obligated to pay a reasonable sum of Highlands' attorneys' fees in any action begun by Highlands to recover premiums and/or charges guaranteed by Smith.

C. Compelling Smith to indemnify Highlands pursuant to the terms of the Personal Guarantees attached to the Agreements;

E. Awarding Highlands its costs of suit and attorneys' fees; and

F. Awarding Highlands such other and further relief as this Court deems just and equitable.

## JURY DEMAND

Highlands hereby demands a trial by jury on all issues so triable.

**WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY LLP**
Attorneys for Plaintiff
Highlands Insurance Company, in Receivership

Dated: May 25, 2005    BY: _____
Michael S. Savett, Esquire (MSS6364)
msavett@wglaw.com

2000 Market Street, 13th Floor
Philadelphia, PA 19103
(215) 972-7900
(215) 564-7699 (fax)
www.wglaw.com
File No. 0029177

<u>Of Counsel</u>:

Brian E. O'Donnell, Esquire
RIKER DANZIG SCHERER HYLAND & PERRETTI LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981
(973) 538-0800

Robert Dartanian Thomas, Esquire
THOMAS, HUDSON & BRUSTKERN, L.L.P.
3305 Northland Drive, Suite 301
Austin, Texas 78701
(512) 476-6076